```
Michael R. Totaro 102229
Totaro & Shanahan
P.O. Box 789
Pacific Palisades, CA 90272
310 573 0276 (v)
310 496 1260 (f)

Attorneys For Debtors
Troy & Catherine Angold
```

IN THE UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>TROY JOHN ANGOLD and<br>CATHERINE ELAINE ANGOLD<br><br>　　　　　Debtor. | Case No. 6:07-BK-18859-PC<br><br>Chapter 7<br><br>NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING HFC-BENEFICIAL, HSBC FINANCE CORPORATION, MICHAEL WHALEN AND TIFFANY RIDDICK TO APPEAR AND SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING 11 U.S.C. § 362 (A)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF MICHAEL R. TOTARO, TROY ANGOLD AND CATHERINE ANGOLD IN SUPPORT THEREOF<br><br>[Bankruptcy Rule 9014, 9020; Local Bankruptcy Rule 9020-1]<br><br>Date: NO HEARING SCHEDULED<br>Time:<br>Ctrm: 303 |

　　**PLEASE TAKE NOTICE** Troy and Catherine Angold (hereinafter "Debtors") hereby moves this Court for entry of an order requiring HFC/Beneficial, HSBC Finance Corporation, Michael Whalen and Tiffany Riddick to appear in courtroom 303 of the above-entitled Court located at 3420 Twelfth St., Riverside, CA 92501, on a date set by

1

this Court, to show cause why each of them should not be held in contempt of Court for violating 11 U.S.C. § 362, subdivions (a)(2)(3)and (6) and for sanctions.

This Motion is based on this Notice and Motion, the Memorandum of Points and Authorities and Declarations attached hereto and the documents and records on file herein.

Dated: April 1, 2008

Totaro & Shanahan

By: /s/ Michael R. Totaro
Michael R. Totaro
Attorneys for Debtors
Troy and Catherine Angold

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT

## STATEMENT OF FACTS

This case is a typical no asset Chapter 7 proceeding. It was filed on December 31, 2007. The meeting of creditors was held on February 7, 2008 and no creditor appeared. One of the creditors listed on the matrix was HFC which is also called Beneficial Finance and a division of HSBC Finance Corporation (hereinafter collectively referred to as HFC.) Despite actual knowledge of the Chapter 7 filing, HFC has literally bombarded Debtors with several phone calls each week demanding payment even when repeatedly told Debtors had filed bankruptcy. They have called Debtors at work as much as three times a day, spoke to co-workers, challenged their 12-year-old daughter and in general engaged in a pattern of extreme harassment, which has no other purpose then attempting to bully Debtors into paying a discharged debt.

## ARGUMENT

### I. A MOTION IS THE PROPER PROCEDURE TO ASK THIS COURT TO HOLD A CONTEMPT HEARING.

Local Bankruptcy Rule 9020-1 provides:

> "Unless otherwise ordered by the Court, contempt proceedings are initiated by filing a motion . . . and a proposed order to show cause re contempt... The motion shall be served on the responding party which shall have five (5) Court Days to object to the issuance of the order to show cause. No hearing on the request for issuance of the order to show cause is necessary, unless otherwise ordered by the Court...."

This rule is very clear. This motion is the mechanism for invoking the jurisdiction of this court regarding contempt proceedings.

## II. DEBTORS HAVE PRESENTED A PRIMA FACIE SHOWING OF A VIOLATION OF RULE 362, SUBDIVISIONS (A)(3) & (6) WHICH WARRANTS IMPOSITION OF SANCTIONS AND AN ORDER TO SHOW CAUSE RE CONTEMPT.

The leading case in this area is *Eskanos v. Leetien* (9th Cir. 2002) 309 F.3d 1210 however, the statutory basis is 11 U.S.C. § 362 for the automatic stay imposed on all property of the debtor's estate once a bankruptcy petition is filed. More particularly, subdivision (6) of that section states in its entirety that the stay order applies to:

> (6) any act to collect assess or recover a claim against the debtor that arose before the commencement of the case under this title.

The term "claim" is construed in a broad fashion. 11 U.S.C. § 101, subdivisions (5) (A) defines that term as "a right to payment, whether or not such right is reduced to judgment liquidated, unliquidate, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured…"

In addition to violating section 362 (a) (6) there is also an argument that section 362 (a) (3) has also been violated. That section states in pertinent part:

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

The term "property of the estate" is construed in a broad fashion. 11 U.S.C. § 541, subdivision (a) (1) defines that term as "all legal or equitable interests of the debtor in property as of the commencement of the case." This includes "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition. . . " 11 U.S.C. § 541 (a)(5).

Since the calls to Debtors seek to obtain money, any money sought is clearly property of the estate and therefore covered by section 362 (a)(3).

Debtor has presented a prima facie case for a section 362(a) violation and is therefore entitled to sanctions from all creditors involved in the collection process.

### III. DEBTORS HAVE SUFFERED SEVERE EMOTIONAL DISTRESS OVER THE CONTINUAL HARASSING PHONE CALLS, CALLS TO NEIGHBORS, CALLS TO WORK, AND CALLS TO THEIR MINOR CHILDREN.

Debtors were fully advised that the filing of the bankruptcy petition stopped collectors from contacting them for any reason. This fact, and the additional fact that no creditor appeared at the 341 hearing gave them confidence that they had been properly advised, that a huge stress would be removed and they could get on with their lives.

In the instant case, as set forth in the attached declarations of Michael R. Totaro, Troy Angold, Catherine Angold and Crista Angold, HFC has continually been told Debtors were in a Chapter 7 bankruptcy proceeding. Not only were they first notified of this bankruptcy proceeding by being specifically listed as a creditor on schedule F but each collector that called Debtors at home or work for several weeks were specifically given this information. Despite this, the calls continued throughout the day, and even into the late evening. HFC called work, home and Debtor's minor children and anyone else they could find to disrupt Debtor's lives. Further, as indicated by the postings on the web, this is a pattern and practice of HFC, which is taking place around the country.

As noted above, *Eskanos v. Leetien* (9th Cir. 2002) 309 F.3d 1210 provides the basis for sanctions where the creditor refuses to take steps to assure the debtor is not contacted after filing for bankruptcy protection.

It would not be unreasonable for a court to order sanctions in the amount of $1,000 for a violation of the automatic stay. Here Debtors are asking for $500.00 for each violation, attorney fees, and an order requiring declarations to be filed showing all negative information has been removed from Debtor's credit reports after December 1, 2007. In this case Debtors will testify they have received between 3 and 4 calls a week since Debtors filed on December 31, 2007. All of these violations took place after HFC was expressly told Debtors were not merely going to file a Chapter 7 bankruptcy petition but were in fact already in a Chapter 7 proceeding.

## CONCLUSION

The violations in this case are clear and indefensible. The pattern and practice of HFC-Beneficial and HSBC in harassing debtors must be stopped. Sanctions should be awarded in a sum that is commensurate with the violations

Dated: April 1, 2008

                                          Totaro & Shanahan

                                    By: _____
                                          Michael R. Totaro
                                          Attorneys for Debtors
                                          Troy and Catherine Angold

# DECLARATION OF MICHAEL R. TOTARO
# IN SUPPORT OF MOTION RE CONTEMPT

I, Michael R. Totaro, declare as follows:

1. I am an attorney at law, licensed to practice before all courts in the State of California. I am attorney of record for Debtors Troy and Catherine Angold and as such have personal knowledge of the following facts. If called to testify I would and could competently testify thereto.

2. Prior to December 29, 2007 I prepared and filed a Chapter 7 petition for Debtor. In the petition I listed HFC as a creditor using the mailing address in existence on the date of filing. On February 7, 2008, I attended the 341 hearing with debtor and no creditor appeared.

3. Starting towards the end of February, I have received phone calls from Debtors concerning the conduct of HFC and informing me that the phone calls had not stopped after the bankruptcy was filed. I told Debtors to make sure they told the operators they were in bankruptcy and to give them my name and the case number. I was told they did this right from the beginning but would continue to do so.

4. On March 27, 2008 I was advised that HFC was continuing to call and had placed numerous calls to Catherine Angold at work and also spoke to Debtor's 12 year old daughter in such a manner that they felt she was being untruthful when she stated they were not home.

5. Also on the 27th I called the number given to me by Debtors, 888 403 2952 ext. 1366 which was supposed to be the extension for Michael Whalen, a collector who called Debtors. A recording stated that the number was now changed and calls diverted to 800 365 6732. I then ran an internet search of that number and came up with a site that specifically detailed the conduct of HFC in harassing customers throughout the country.

A reprint of that website is attached hereto and incorporated herein by reference as Exhibit "1".

6. On the website people have complained that HSBC-HFC have called people at work up to 5 times a day; have called after midnight; have talked to co-workers about personal business; and in general engaged in conduct designed to cause Debtors the maximum amount of pain. Debtor's experience is similar and detailed in the attached declarations of Troy Angold and Catherine Angold.

7. Also, the court will note that on the proof of service I have sent a copy of this motion to HSBC at five different addresses. The reason is that I first called 888 403 2952 and then 800 365 6732 and was told that each one was the collection department. I then recalled each number and each time I called was given a different address for the facility.

8. In an effort to avoid this motion, I recently contacted Debtors to see if the calls had stopped. To the contrary, they have increased to the point where 4 calls have been received in the last two weeks. Further HFC has never stopped sending bills to Debtors demanding payment and advising of reporting to the credit bureaus. *See* Exhibit "2" attached hereto and incorporated herein by reference.

9. As damages it would be appropriate to ask for $1000.00 per violation. However, here Debtors only seek $500.00 per violation, attorney's fees and an order requiring declarations showing all negative information after December 31, 2007, has been removed from the credit bureaus.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 1, 2008 at Los Angeles, California.

By: /s/ Michael R. Totaro

Michael R. Totaro